UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DeAnna T., | Case No. 20-cv-576 (ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Counsel's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") ("Motion"). (Dkt. 36.) Plaintiff seeks attorney's fees under the EAJA in the amount of $12,432.60. (*Id.* at 1; Dkt. 37 at 6.)[1] The Acting Commissioner of Social Security ("Defendant" or "the Government") has filed a response agreeing that Plaintiff is the prevailing party and due EAJA fees, but disputes the amount of fees that should be awarded. (Dkt. 39 at 1.) Defendant seeks a reduction in the fees requested from $12,432.60 to $7,000 on the grounds that the fees sought are both unreasonable and unsupported. (*Id.* at 1, 3-10.) For the reasons stated below, Plaintiff's Motion is granted and the Court awards fees in the amount of $12,432.60.

---

[1] Unless otherwise noted, all page numbers refer to the CM/ECF pagination.

## I.   BACKGROUND

On February 21, 2020, Plaintiff, acting pro se, filed this case seeking judicial review of a final decision by Defendant denying her application for "disability benefits and/or supplemental social security income," along with an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court granted.  (Dkts. 1, 2, 12.)  On February 25, 2020, the Court ordered Plaintiff to file an amended complaint within thirty days that explained how the Commissioner erred.  (Dkt. 3.)  The Court also referred Plaintiff to the Federal Bar Association's Pro Se Project ("Pro Se Project").  (*Id.* at 4; Dkt. 4.)  On March 12, 2020, Plaintiff filed a letter requesting an additional thirty days to consult with a volunteer attorney through the Pro Se Project, which the Court granted, and on May 1, 2020, attorney Ann Elizabeth Motl entered an appearance on behalf of Plaintiff and sought additional time to file the amended complaint.  (Dkts. 5-8.)  Plaintiff, through counsel, sought until June 30, 2020 to file the amended complaint because counsel was working with Plaintiff to obtain the necessary documents to analyze her case from Plaintiff and the Social Security Administration.  (Dkt. 8.)  The Court granted the request and Plaintiff filed her Amended Complaint on June 30, 2020.  (Dkts. 10-11.)

Defendant filed an Answer and the Administrative Record on September 2, 2020 and September 3, 2020, respectively.  (Dkts. 15, 16.)  The parties stipulated to an extension of time for Plaintiff to file her summary judgment motion by November 17, 2020, based on new evidence that became available as of September 29, 2020 which Plaintiff contended showed she was disabled during the relevant time period and because

the parties were negotiating whether the evidence merited a remand or could properly be raised in this action. (Dkts. 18, 20.) Plaintiff filed her Motion for Summary Judgment and supporting papers on November 17, 2020 (Dkts. 21-23); Defendant made an unopposed request for an extension of time to file the then-Commissioner's[2] responsive brief, which the Court granted (Dkts. 25, 27); Defendant filed his Motion for Summary Judgment and supporting memorandum on January 19, 2021 (Dkts. 28, 29); and Plaintiff filed a reply to Defendant's Motion for Summary Judgment on March 5, 2021. (Dkt. 31.)

Plaintiff raised three issues in her Motion: (1) the ALJ erred at step three by failing to find that Plaintiff's impairments met Listing 12.05 for Intellectual Disability; (2) the ALJ erred in his assessment of Plaintiff's RFC by determining that she could frequently finger, handle, and feel; and (3) the Appeals Council erred by failing to consider evidence submitted after the hearing, but which related to the period at issue regarding her claims of anxiety and her gait. (Dkt. 32 at 29 (citing Dkt. 22).) On August 16, 2021, the Court granted in part and denied in part Plaintiff's Motion and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the Court's Order. (Dkt. 32 at 54.)

On September 1, 2021, Plaintiff's counsel filed the Motion for Award of Attorney's Fees Pursuant to the EAJA. (Dkt. 36.) Defendant filed her opposition on

---

[2] Andrew Saul was the Commissioner of Social Security during this time. Kilolo Kijakazi has since succeeded Andrew Saul as Acting Commissioner of the Social Security Administration and has been substituted as the named defendant. *See* Fed. R. Civ. P. 25(d).

3

September 15, 2020 (Dkt. 39), and Plaintiff filed a reply on September 29, 2021. (Dkt. 40.)

## II.   ANALYSIS

**A.   Legal Standard**

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted). Congress has provided for limited exceptions to the general rule. *See id.* The EAJA is one of those exceptions. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

4

*Id.* § 2412(d)(1)(B).  Any attorney's fees awarded under the EAJA must be reasonable. *Id.* § 2412(b).

Attorney's fees are not to be awarded under the EAJA merely because the Government lost the case.  *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted).  However, Plaintiff is entitled to fees unless the Government's position was substantially justified.  *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).  The Government bears the burden of proving substantial justification for its position in the litigation.  *Id.*

Here, Defendant is not claiming that her position was substantially justified; rather she claims that the fees claimed by Plaintiff's counsel are unreasonable.  (*See* Dkt. 39 at 3-10.)  The Court therefore needs to determine how many hours were reasonably spent by Plaintiff's counsel in litigating this case and award attorney fees accordingly.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court also should exclude from this initial fee calculation hours that were not reasonably expended.") (cleaned up).  The fee applicant has the burden of showing that the fees sought are reasonable.  *Hensley*, 461 U.S. at 437.

**B.    Reasonableness of Fees and Costs**

**1.    Appropriate Hourly Rate**

Plaintiff, through the Petition of her counsel and supporting exhibits, requests fees in the amount of $12,432.60, calculated at the rate of 60 hours multiplied by $207.21 per hour.  (Dkt. 37 at 4-6.)  Plaintiff's attorney asserts that the $207.21/hour billing rate is consistent with the Consumer Price Index ("CPI") for all urban consumers as of March

2020, accounting for the time period the case was filed in February 2020.  (*Id.* at 5-6.)  The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'"  *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)).  The CPI constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]."  *Id*. (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted).

The cost-of-living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place.  *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004).  Here, much of the work at issue was performed in 2020 (Dkt. 37, Ex. A at 9-18), and Plaintiff's counsel calculated fees based on the March 2020 CPI (*see* Dkt. 37 at 5-6; Dkt. 37, Ex. C at 22, Ex. D at 24).  Based on the March 2020 CPI, the rate of hourly attorney's fees (including the cost of living adjustment entitled by counsel) would be $125 (statutory rate) x 258.1 (March

6

2020 CPI) / 155.7 = $207.21.[3] (*See* Dkt. 37, Ex. C at 22 (*Consumer Price Index – March 2020*, Bureau of Lab. & Stat.), Ex. D (calculation).) The Government does not dispute the hourly rate Plaintiff's counsel claims. (*See* Dkt. 39 at 4 (agreeing that $207.21 is a reasonable attorney fee rate).) The Court therefore adopts the use of the March 2020 CPI proposed by Plaintiff and finds that $207.21 per hour is a reasonable rate based on the cost-of-living adjustment for the period of time the work was performed. *See Consumer Price Index Historical Tables for U.S. City Average*, U.S. Bureau of Labor Statistics, https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexhistorical_us_table.htm, (last visited February 10, 2022).

## 2.      Reasonableness of The Time Expended by Plaintiff's Counsel

Plaintiff's counsel seeks fees in the amount of $12,432.60, which equates to 60 hours of work at $207.21 per hour. (Dkt. 37 at 4-6.) The itemization of the time expended by Plaintiff's counsel totals 194.6 hours, but Plaintiff's counsel has reduced the fee request to 60 hours "to subtract any potential clerical tasks and in recognition of the additional time Plaintiff's counsel had to expend to familiarize herself with certain Social Security rules, regulations, and practices" and for work performed by counsel's law student/clerk. (*Id.* at 4; Dkt. 40 n.2 ("We are not asking for reimbursement of the law

---

[3] Plaintiff arguably could have sought an increased rate for work performed in 2021. *See Knudson*, 360 F. Supp. 2d at 974 (stating that a "reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed" and applying increased rate for work performed in second year). But as Plaintiff proposed a rate based on the March 2020 CPI, and Defendant has not objected to that rate, the Court uses a rate based on the March 2020 CPI.

student/clerk['s] . . . hours, which were 39.2 of the 194.6 hours.").)  The Government proposes an award of $7,000, which equates to 33.8 hours of time, and makes several arguments in support of reducing the number of hours.  (Dkt. 39 at 2, 3-10.)

### a. The Government's Email Correspondence with Plaintiff's Counsel

First, the Government argues that after Plaintiff's counsel filed the Motion, counsel for the Government contacted Plaintiff's counsel "to discuss the amount of EAJA fees" sought but to no avail, and that because the Government "demonstrated a willingness to discuss" but was unsuccessful in its attempts, "the Court [should] adopt the Commissioner's proposed EAJA award."  (*Id.* at 3.)  The Government, however, cites no authority in the EAJA or elsewhere in support of this proposition, and Plaintiff's counsel has apologized for her lack of communication and explained that she was transitioning between law firms and taking time off during the period at issue.  (Dkt. 40 at 6.)  Plaintiff's counsel's failure to respond to the Government's emails does not justify a reduction in fees awarded.[4]

### b. Plaintiff's Counsel's Voluntary Reduction of Time

Defendant next argues that it is difficult to determine the tasks that Plaintiff's counsel deems compensable due to counsel "arbitrarily reducing the bill to 60 hours from 194.6 hours" and, citing cases from other Districts, argues that "40 attorney hours is a

---

[4]   Defendant asked whether Plaintiff's counsel had taken the case pro bono in those emails.  (Dkt. 39 at 3 n.4.)  "Pro bono representation 'does not preclude an award of fees under the EAJA.'"  *Nelson ex rel. M.K.N.B. v. Astrue*, No. 10-4001 (JNE/TNL), 2011 WL 6987176, at *3 (D. Minn. Dec. 23, 2011) (quoting *Cornella v. Schweiker*, 728 F.2d 978, 987 (8th Cir.1984)), *R. & R. adopted*, No. 10-CV-4001 JNE/TNL, 2012 WL 87291 (D. Minn. Jan. 11, 2012).

8

guideline for the upper range on a usual case." (Dkt. 39 at 4.) Plaintiff responds that "based on relevant case law from this Court and District, a request for 60 hours of attorney time is appropriate for this case," and "[i]ndeed, the request for 60 hours of work is comparable to cases from this District with similar awards." (Dkt. 40 at 3-4 (collecting cases awarding 45 hours or more).)

To begin with the question of how much time cases should take generally, the Court does not view more than 40 hours as per se unreasonable; indeed, "[a]wards just outside of [20 to 40 hours] are also not uncommon." *Dianna L.B. v. Saul*, No. 19-cv-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (collecting cases). Regarding this case specifically, the Court notes that counsel did not represent Plaintiff in the underlying administrative proceedings and was required to review and analyze a lengthy administrative record. (*See* Dkts. 4, 8.) Additionally, the cases cited to by the Government in support of its argument that "[c]ase law establishes that 40 attorney hours is a guideline for the upper range on a usual case" were issued in 2007 and 2011 (*see* Dkt. 39 at 4 (citing *Coleman v. Astrue*, No. C05-3045-PAZ, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007), and *Glenn v. Astrue*, No. 10-06038-CV-SJ-DGK-SSA, 2011 WL 2135454, at *3 (W.D. Mo. May 31, 2011)), and, as the Government states in its opposition, "at 882 pages, the transcript is average for those filed in the last several years, when transcript files have increased from a former average of 400 to 500 pages," (Dkt. 39 at 6.) Given that at least 10 years have passed since the *Coleman* and *Glenn* cases, it is not unreasonable that a lengthier transcript (almost double in length) would require additional time to review. For all these reasons, the Court concludes that a total of 60

9

hours is not unreasonable. *See Dianna L.B.*, 2021 WL 733995 at *2 (concluding that time requested was not unreasonable where plaintiff's counsel did not represent her in administrative proceedings and administrative record was over 950 pages); *Dang Chang v. Berryhill*, No. 15-cv-4496 (ADM/HB), 2017 WL 2773539, at *2 (D. Minn. May 31, 2017) (finding "the circumstances of this case to warrant the additional twelve hours over the alleged 'upper limit' of forty hours" where, among other circumstances, counsel did not represent plaintiff in administrative proceedings and plaintiff cited several cases granting fees for more than 50 hours of work), *R. & R. adopted*, 2017 WL 2773524 (D. Minn. June 26, 2017); *Vaughn v. Heckler*, 860 F.2d 295, 296 (8th Cir. 1988) (awarding fees for 77 hours).

  Further, the Court disagrees that under the circumstances of this case, Plaintiff's counsel's voluntary fee reduction to 60 hours is so arbitrary that additional reductions are warranted. *See Waskosky v. Berryhill*, No. 16-cv-3882 (KMM), 2018 WL 2980395, at *2 (D. Minn. June 14, 2018) ("An attorney's decision to forego a request to be compensated for some portion of the hours expended on a case can be made for many reasons. Such a decision does not, however, require a finding that the excluded time was unreasonable or gratuitous, nor that the remaining request should be further reduced."); *see also Jean P.R.E. v. Berryhill*, No. 17-cv-1988 (TNL), 2019 WL 2151691, at *4 (D. Minn. May 17, 2019) (recognizing that the fee requested by Plaintiff's counsel included a 10% reduction and noting that "the court respects counsel's decision to request compensation for less than the full 51.1 hours expended on the case").

### c. Work Performed by Law Clerk

Defendant asserts that it is unclear how the 39.2 hours attributed to Plaintiff's counsel's law clerk's work was handled. (Dkt. 39 at 4.) However, in the Reply, Plaintiff's counsel states "[w]e are not asking for reimbursement of the law student/clerk['s] hours, which were 39.2 of the 194.6 hours." (Dkt. 40 at 5 n.2.) Therefore, no reduction is required for work performed by the law clerk.

### d. Time Counsel Spent to Familiarize Herself with Applicable Law, Complexity of the Case, and Length of the Administrative Record

Next, the Government contends that Plaintiff's counsel should not be compensated for "time spent surmounting a learning curve," and that even though Plaintiff's counsel claims the total time expended in this case was reduced to account for the time spent familiarizing herself with disability law, "other evidence suggests she has rarely practiced in this area" and "an EAJA request is not reasonable when it reflects inexperience and time expended to become proficient." (Dkt. 39 at 4-5.) The Government further contends that because Plaintiff's counsel is inexperienced in litigating Social Security disability cases, "she has no context to claim either that the case has complexity as compared to other cases or that 60 hours is reasonable when compared to other EAJA billings," that the 882-page transcript is of an average length, and that representing a claimant on appeal, after the administrative proceedings "does not suggest the need for increased fees." (*Id.* at 6.)

Plaintiff's counsel responds that the reduction in the total amount of time expended on this case addresses any concerns for "the time it took to learn the specific

11

Social Security procedures and regulations applicable to this complicated area of practice." (Dkt. 40 at 5.) As to the complexity of this case, Plaintiff's counsel asserts that the case required: "[w]orking with a client with an intellectual disability to adequately and appropriately explain the Social Security appeals process and the arguments in her case"; reviewing a nearly 900-page record and researching and learning about medical conditions and tests; developing a proposal for remand/settlement to the Commissioner; "[d]rafting and revising a nearly 40-page summary judgment motion, which included three arguments for remand . . . and analysis on three separate types of disability, including physical, intellectual, and mental/emotional"; filing "a 13-page reply brief to the Government's 18-page cross-motion for summary judgment"; and drafting the current Petition, as well as a reply to the Government's objection. (*Id.* at 2-3.)

As to the circumstances and complexity of this case, even where the issues in a Social Security appeal "are frequently litigated issues, their prevalence does not necessarily mean the time Plaintiff's counsel spent briefing them in this case was excessive." *Cheryl J. v. Saul*, No. 18-CV-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020); *see also Dianna L.B.*, 2021 WL 733995, at *2 (similar). The issues in this case did not lack complexity, as it involved three separate types of disability, including physical, intellectual, and mental/emotional disabilities, the opinions of multiple state agency psychologists and physicians, evaluation opinions of a psychologist, as well as records from treating sources that spanned several years, in addition to various other medical records, all involving complex mental health issues and alleged impairments and an almost 900-page administrative record. (*See generally* Dkt.

12

16.) Further, while Defendant argues that the fact that Plaintiff's counsel began her representation after the administrative proceedings "does not suggest a need for increased fees" (Dkt. 39 at 6), courts have taken this circumstance into account when determining if the fees sought are reasonable, *see Dianna L.B.*, 2021 WL 733995, at *2 (finding fee request not unreasonable in part because plaintiff's counsel did not represent plaintiff in administrative proceedings and administrative record was over 950 pages). Under these circumstances, a fee award based on 60 hours—regardless of Plaintiff's counsel's experience in litigating Social Security cases—is reasonable. *See Evans v. Berryhill*, 298 F. Supp. 3d 1210, 1212 (D. Minn. 2018) ("The Court agrees with Plaintiff that this case was a particularly complex social security appeal. And the number of pages long an administrative record has is not necessarily indicative of the complexity of the issues raised and presented. Further, awards for over 75 hours' worth of work are not unheard of.") (awarding 95 hours); *Semler v. Berryhill*, No. 16-cv-2445 (TNL), 2018 WL 1512056, at *5 (D. Minn. March 27, 2018) ("It is extremely unlikely that Plaintiff, who alleges mental disability since birth, could have litigated this case *pro se* to the same result achieved by his counsel. But for Plaintiff's counsels' efforts, Plaintiff would be foreclosed from receiving benefits. An award of EAJA fees encourages attorneys to take on complicated cases, including attorneys that do not have extensive experience litigating such matters.") (awarding fees for 93.9 hours); *see generally*, *Gaul v. Colvin*, No. 13-163 (JNE/FLN), 2014 WL 4096972, at *1-2 (D. Minn. Aug. 19, 2014) (awarding 75.2 hours and recognizing that a majority of the time expended on the case was billed by an inexperienced associate).

### e. Time Allotted to Citation Checks, Clerical Tasks, Extensions of Time and Negotiations, and Duplicated Entries

Defendant makes a number of additional challenges to Plaintiff's fee request. First, Defendant argues that Plaintiff's counsel spent an excessive number of hours, that is, 8.6 hours, to perform citation checks, that while Plaintiff's counsel noted that the reduced time also accounts for any potential clerical tasks, it is not possible to determine how many hours of clerical tasks were deducted, and that many of the clerical entries are "batched or lumped with attorney tasks and so fail to provide meaningful detail about the reasonable compensation requested or owed." (Dkt. 39 at 6-7.) Second, Defendant argues that Plaintiff's counsel itemized an unusually large amount of time, totaling 7.4 hours, for seeking extensions of time (some of which Defendant argues is not compensable), including time spent in negotiating with Defendant's attorney (for which Defendant challenges both the amount of time and the accuracy of the description). (*Id.* at 7-9.) Third, Defendant argues that some items appear to be duplicative and cites four time entries totaling 4.9 hours for reviewing a court order, discussing the order and next steps with client, and communicating case updates to client. (Dkt. 39 at 9.) Fourth and lastly, Defendant argues that a total of 3.5 hours billed by Plaintiff's counsel are "unclear and thus it is impossible to see them as reasonably compensable. These entries appear to relate to a subsequent disability claim by Plaintiff because they refer to filings before the Appeals Council, which is at the administrative level," but that Plaintiff's counsel did not represent Plaintiff at the administrative level. (*Id.* at 9-10.)

Plaintiff responds that Defendant "disputes portions of time entries that total only 25.3 hours," but that "Plaintiff's counsel has voluntarily reduced her hours by more than 25.3 hours, so even assuming each of the disputed time entries identified by the Commissioner are not compensable, this has already been addressed by counsel's voluntary reduction." (Dkt. 40 at 5-6.) Plaintiff contends Defendant's request for an award based on 33.8 hours is arbitrary and unsupported. (*Id.* at 5.)

Defendant is correct that "clerical activities, including tasks such as 'filing documents, preparing and serving summons, preparing and serving a civil cover sheet, mailing items to the court or other parties, downloading and emailing documents, and scanning documents as well as preparing an itemized invoice for legal services,' are not properly reimbursable attorney fees under the EAJA." *Jean P.R.E*, 2019 WL 2151691 at *4 (citing *Semler*, 2018 WL 1512056, at *1). However, Plaintiff's counsel asserts that the total time has been reduced from 194.6 to 60 hours to account for, among other things, "any potential clerical tasks." (Dkt. 37 at 4.) As for the 4.9 hours spent reviewing the August 16 Order and communicating about it to the client, the Court does not find that time necessarily unreasonable given the number of issues raised by and addressed in that Order and Plaintiff's intellectual difficulties. Even if the time were unreasonable, and even if the Court accepted all of Defendant's challenges, the Court finds they would not require further reduction of the fee award in view of Plaintiff's counsel's voluntary reduction from 194.6 hours to 60 hours, the reasonableness of a 60-hour award for the reasons stated in Section II.B.2.b-d, and the fact that Defendant's challenges account for about 65 hours of the 194.6 hours billed. "An attorney's decision to forego a request to

15

be compensated for some portion of the hours expended on a case can be made for many reasons. Such a decision does not, however, require a finding that the excluded time was unreasonable or gratuitous, nor that the remaining request should be further reduced." *Waskosky*, 2018 WL 2980395 at *2. To the extent Defendant has identified about 65 hours of time (inclusive of Plaintiff's counsel's law clerk's time) that she believes should have been excluded, she has not identified anywhere near the 130 hours of time she seeks to exclude to reach the 33.8 hours Defendant proposes. The Court also is reluctant to reduce the hours sought based on Defendant's belief that 40 hours is "the upper range for a good quality effort." (Dkt. 39 at 5.) Good briefing that competently addresses the issues and cites applicable law facilitates the Court's analysis of the issues. Further, "[a] lawyer should be commended, not criticized, because she seeks to improve her work product by making revisions to her initial draft. This is an essential element of a lawyer's craft." *Evans*, 298 F. Supp. 3d at 1213 (quoting *Kromer v. Astrue*, No. 08-5181 (PAM/AJB), 2009 WL 3152039, at *3 n.6 (D. Minn. Sept. 24, 2009)).

In sum, the Court has reviewed the itemized time records for the work performed in this case and finds that the hours requested, in light of Plaintiff's counsel's voluntary reduction, the circumstances of this case, the legal work performed, and comparisons with similar cases in this District, are not excessive or unreasonable. The Court accordingly orders an award of $12,432.60 in attorney's fees to Plaintiff.

### III. ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Counsel's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") ("Motion") (Dkt. 36) is **GRANTED**, and Plaintiff is **AWARDED** $12,432.60 for reasonable attorney's fees under the EAJA.

2. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award is payable to Plaintiff as the litigant and subject to offset to satisfy any preexisting debts that Plaintiff may owe to the United States.

3. Pursuant to Plaintiff's assignment of attorney's fees, Defendant shall send the EAJA payment, after any required offset, to Plaintiff's counsel, Ann Elizabeth Motl, in Plaintiff's name.

DATED: February 10, 2022         *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge